# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM H. VAN VLIET III,** | : CIVIL ACTION |
| | : NO. 05-3000 |
| Plaintiff, | : |
| v. | : |
| **ATLAS COMMUNICATIONS, LTD., et al.** | : |
| | : |
| Defendants. | : |
| | : |

# NOTICE BY WILLIAM H. VAN VLIET III OF ERRATA IN MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION BY WILLIAM H. VAN VLIET III TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that counsel for Plaintiff William H. Van Vliet III inadvertently omitted the tables of contents and authorities from the Memorandum of Points and Authorities in Support of Opposition by William H. Van Vliet III to Defendants' Motion to Dismiss First Amended Complaint, filed 15 August 2005. Van Vliet attaches a copy of the tables to this Notice by William H. Van Vliet III of Errata in Memorandum of Points and Authorities in Support of Opposition by William H. Van Vliet III to Defendants' Motion to Dismiss First Amended Complaint for the Court and all parties. Counsel for Van Vliet apologizes to the Court and the parties for the error.

Dated:  15 August 2005

Respectfully submitted,

BANKS & BANKS
By:     /s/ ID No.57018
          David Banks
3038 Church Rd.
Whitemarsh Twp. PA  19444
Tel 610/940-3900
Fax 610/940-0843
e-mail bbwlaw@yahoo.com

Of Counsel
Franklin R. Fraley, Jr., CA Bar No. 151879
Fraley & Associates
31 Flr.
555 W. 5th St.
Los Angeles CA  90013
Tel  213/996-8404
Fax  213/996-8367
e-mail ffraley@fraleylaw.com

Attorneys for Plaintiff
William H. Van Vliet III

# **TABLE OF CONTENTS**

I. Introduction ............................................................................................................. 1

II. Statement of Facts ................................................................................................. 3

    A.    The Underlying Action ............................................................................... 3

    B.    This Action ................................................................................................. 4

III. Legal Argument: This Court Should Not Dismiss Van Vliet's Claims For Wrongful Use And Abuse Of Process Because The Statute Of Limitations Does Not Bar These Claims And Van Vliet Alleges Sufficient Facts For These Claims Under The Notice Pleading Standard ........................................................... 6

    A.    Van Vliet Initiated This Action Within The Time Allowed Under The Statute Of Limitations And The Federal Rules Of Civil Procedure. ............... 8

    B.    Van Vliet Alleges Sufficent Facts To State A Claim For Wrongful Use Of Civil Proceedings Against The Defendants ..................................... 10

        1.    Van Vliet Sufficiently Pled The Defendants' Lack Of Probable Cause .................................................................................. 13

        2.    Van Vliet Sufficiently Pled The Defendants' Improper Purpose ......................................................................................... 16

    C.    If This Court Finds Van Vliet's Allegations Fail To Meet The Notice Pleading Standard Required, This Court Should Grant Van Vliet Leave To Amend ..................................................................................... 18

IV. Conclusion ............................................................................................................ 19

Certificate of Service ................................................................................................... 20

## TABLE OF AUTHORITIES

**FEDERAL CASES**

Conley v. Gibson,
355 U.S. 41, 47-48 (1957) ............................................................................................11

DaimlerChrysler Corp. v. Askinazi,
152 F. Supp. 2d 655, 661 (E.D. Pa. 2001) ..................................................................8, 9

Famology.com Inc. v. Perot Sys. Corp.,
158 F. Supp. 2d 589, 590-91 (E.D. Pa. 2001) ...............................................................11

Hanna v. Plumer,
380 U.S. 460, 473 (1965) ..............................................................................................11

Hishon v. King & Spalding,
467 U.S. 69, 73 (1984) ....................................................................................................7

Johnsrud v. Carter,
620 F.2d 29, 33 (3d Cir.1980)..........................................................................................6

Mansmann v. Tuman,
970 F. Supp. 389 (E.D. Pa. 1997) ...........................................................................15, 17

Nami v. Fauver,
82 F.3d 63, 65 (3d Cir.1996) ...........................................................................................7

Rannels v. S.E. Nichols, Inc.,
591 F.2d 242, 246 (3rd Cir. 1979) .................................................................................17

Rocks v. Philadelphia,
868 F.2d 644, 645 (3d Cir.1989).......................................................................11, 12, 18

U.S. Express Lines Ltd. v. Higgins ..................................................................................7
281 F. 3d 383, 394 (3rd Cir. 2002)

**STATE CASES**

Bannar v. Miller,
701 A. 2d 232, 238 (Pa. Super. Ct. 1997) .......................................................................8

Buchleitner v. Perer,
794 A.2d 366, 377 (Pa. Super. Ct. 2002) ......................................................................16

Electric Lab. Supply Co. v. Cullen,
712 A.2d 304 (Pa. 1998) .................................................................................................8

Gentzler v. Atlee,
660 A. 2d 1378, 1385 (Pa. Super. Ct.1995) .................................................................14

Kelly-Springfield Tire Co. v. D'Ambro,
408 Pa. Super. 301, 303 (1991) ...................................................................................12

Ludmer v. Nernberg,
520 Pa. 218, 222-23 (1989) ...........................................................................................9

Sevin v. Kelshaw,
611 A.2d 1232, 1235 (Pa Super. Ct. 1992) .................................................................12

Shaffer v. Stewart
473 A. 2d 1017, 1020-21 (Pa. Super. Ct. 1984) ..........................................................18

**STATE STATUTES**

42 Pa. Cons. Stat. Ann. § 8351 (West, WESTLAW through Act 2003-25) ..................7, 14

**FEDERAL RULES**

Fed. R. Civ. Proc. 6 ..........................................................................................................10

Fed. R. Civ. P. 8(a)(2) ......................................................................................................11

Fed. R. Civ. Proc. 9(b) .....................................................................................................11

Fed. R. Civ. Proc. 12(b)(6) ................................................................................................6

Fed. R. Civ. Proc. 41 .........................................................................................................9

Fed. R. Civ. Proc. 54(b) ....................................................................................................9

**STATE RULES**

Pa. R. Civ. Proc. 106 .......................................................................................................10

Pa. R. Civ. Proc. 1019 ...............................................................................................10, 12

**TREATISES**

Restatement (2nd) of Torts, § 675....................................................................................8

-2-

## CERTIFICATE OF SERVICE

I, David Banks, hereby certify that on 15 August 2005, I electronically filed, or caused to be electronically filed, the document entitled **NOTICE BY WILLIAM H. VAN VLIET III OF ERRATA IN MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION BY WILLIAM H. VAN VLIET III TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** (the "Van Vliet Moving Memorandum re Disqualification Motion") using the ECF system. The Van Vliet Moving Memorandum re Disqualification Motion is now available for viewing on, and downloading from, the ECF system.

The following parties to this action were electronically served with a copy of the Van Vliet Moving Memorandum re Disqualification Motion by the Notice of Electronic Case Filing that the ECF system issued:

> George Bochetto, Esq.
> David Perlman, Esq.
> Bochetto & Lentz, P.C.
> 1524 Locust St.
> Philadelphia PA  19102
>
> Attorneys for Defendants Atlas Communications, Ltd., Frank Scardino, Bochetto & Lentz, P.C., George Bochetto, and David J. Perlman.

                                              /s/ ID No.57018
                                              David Banks, Esq.